The application and order were filed on May 1, 1946, and would have authorized the filing of application on or before the 6th day of May, 1946, but not later. Thereafter on June 1, 1946, another application was filed for an extension of time to June 15, 1946, which was granted. It will be observed that the time for filing the application had expired before the order extending the time to June 15th was passed. The court had no authority to make the order after May 6th, the date on which the filing time expired. Consequently the order extending the time to June 15th was of no effect. Smith v. State, 144 Tex.Cr. R. 152, 161 S.W.2d 492; Article 760, Vernon's Ann.C.C.P., and authorities annotated under Note 44.

The supplemental transcript does not authorize the consideration of the Bills of Exception, and there is nothing presented on motion for rehearing which was not considered on original submission.

The motion for rehearing is overruled.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is selling intoxicating liquor in a dry area. The punishment assessed is a fine of $100.00.

The record is before us without any statement of facts or bills of exception. All other proceedings appear regular. Consequently there is nothing presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

